IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

     Plaintiff,                          No. CIV S- 01-2360 LKK GGH P

   vs.

R. MANDEVILLE, et al.,              ORDER

     Defendants.
_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are: 1) plaintiff's October 14, 2005, motion for default judgment; 2) defendants' motion to dismiss, filed on October 26, 2005; and 3) plaintiff's February 6, 2006, motion to compel discovery.

        As to plaintiff's motion for default, plaintiff is incorrect that defendants failed to file a timely response to plaintiff's complaint.  The court directed the U.S. Marshal in this action to serve process upon defendants, by order filed on June 14, 2005.  Waivers of service, signed on behalf of defendants on September 2, 2005, and filed in this court on September 30, 2005, indicated that defendants' response was due by September 19, 2005.  On September 19, 2005, defendants sought an extension of time to file a response to plaintiff's complaint; by order, filed on September 26, 2005, defendants were granted an additional thirty days to respond (as

defendants note in their objections to plaintiff's motion). Thereafter, defendants filed their response timely in the form of a motion to dismiss, on October 26, 2005. Plaintiff's motion for default will be denied.

As to plaintiff's motion to compel, by order filed on January 30, 2006, defendants' motion for a stay of discovery was granted, and plaintiff's then-pending motions brought by plaintiff to compel discovery were vacated without prejudice pending adjudication of defendants' motion to dismiss. When plaintiff brought a motion for reconsideration before the district judge of the January 30, 2006, order, that order was affirmed. See Order, filed on June 22, 2006. Notwithstanding, plaintiff brought the February 6, 2006, motion to compel prematurely, that is, prior to the disposition to the motion to dismiss addressed herein. Therefore, this latest motion is also vacated without prejudice to re-noticing, when and if appropriate.

Complaint

In his original complaint, filed on December 24, 2001,[1] plaintiff names as defendants: R. Mandeville, J. Mayfield, D. Gasaway, and M. Chastain, alleging that he was deprived of due process at a subsequent 24-hour review and his initial classification hearing at California State Prison (CSP) - Sacramento. On August 22, 2000, plaintiff alleges that he was falsely accused of battery on an inmate by an individual not named as a defendant and placed in administrative segregation. Thereafter, defendant Mandeville held a 24-hour review without providing plaintiff with the name of a staff assistant, thus depriving plaintiff of due process. Defendant Mandeville also deprived plaintiff of his right to due process with respect to an initial classification hearing, on August 30, 2000, by not assigning an investigative employee to interview staff and inmate witnesses with respect to the disciplinary charge. Defendants

---

[1] By Order, filed on January 30, 2004, this case was dismissed; however, plaintiff appealed, and the Ninth Circuit vacated the dismissal and remanded this matter, by Order, filed in this court on March 11, 2005.

Mandeville, Chastain, Mayfield, and Gasaway failed to provide him additional time to prepare for the initial classification hearing review, which took place without plaintiff being in attendance. He alleges defendants engaged in a conspiracy to deprive him of the procedural safeguards due him. He also alleges that he has been subjected to cruel and unusual punishment as a result. Complaint, pp. 3-4.

Motion to Dismiss

Defendants move for dismissal, under Fed. R. Civ. P. 12(e), on the ground that the motion is too vague and ambiguous for defendants to respond to the pleading, and, under Fed. R. Civ. P. 12(b)(6), on the ground that plaintiff fails to state a claim; defendants also claim to be immune from suit or not subject to suit.

*Legal Standard for Fed. R. Civ. P. 12(e) Motion*

Motions for more definite statement are governed by Rule 12(e). "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." Woods v. Reno Commodities, Inc., 600 F.Supp. 574, 580 (D.Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). Rule 12(e) permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." The function of such a motion is thus not to require the pleader to disclose details of the case, Boxall v. Sequoia Union High School Dist., 464 F.Supp. 1104, 1114 (N.D. Cal. 1979), nor to provide the evidentiary material that may properly be obtained by discovery. Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981). A motion for more definite statement should be denied if a pleading meets federal standards by providing a "short and plain statement" of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).

This court will not direct plaintiff to file an amended complaint where the Ninth Circuit has found that the dismissal of this action for failure to file an amended complaint was erroneous. See Ninth Circuit Order, filed in the Ninth Circuit on February 14, 2005, and as a

mandate in this court on March 11, 2005.  The Ninth Circuit plainly sets forth what it construes as the gravamen of this action, plaintiff's allegation that "prison officials violated his due process rights during prison disciplinary hearings which resulted in his placement in administrative segregation."  See, id., pp. 1-2.  Notwithstanding defendants' contentions of ambiguity in the complaint, the court will find the allegations sufficiently discernible for defendants to file a response thereto.

*Legal Standard for Fed. R. Civ. P. 12(b)(6) Motion*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  North Star Internat'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court must "presume that general allegations embrace those specific facts that are necessary to support the claim."  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994).  All doubts must be resolved in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1848-49 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972).

The court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Furthermore, the court is not required to accept as true allegations

that contradict facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Hishon, 467 U.S. at 73, 104 S. Ct. at 2232 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).

*Argument*

Defendants contend that plaintiff fails to state a claim because he had no federal due process right to a 24-hour review or to the institution classification review, citing, inter alia, Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995). Notwithstanding, defendants also contend that plaintiff's hearings were conducted in compliance with state regulations, pursuant to Cal. Code Regs. tit. xv, §§ 3335, et seq. Motion to Dismiss (MTD), pp. 5-10. In addition, defendants claim entitlement to qualified immunity; that plaintiff's confinement in administrative segregation did not violate the Eighth Amendment; and that this court cannot enjoin a state official to follow state law. MTD, pp. 6-15.

In his opposition, plaintiff states that on August 22, 2000, he was accused by a member of the prison staff named Chugg, not a defendant, of committing a battery upon an inmate, when plaintiff turned to block another inmate, who was older and more aggressive, from taking possession of handbook plaintiff had in his hand. Chugg falsely accused plaintiff of putting his hands around the other inmate's neck and of choking him. The inmates were both placed in holding cages; the other inmate was released in 30 minutes; plaintiff was eventually

moved from the holding cage and "improperly housed ... in a hard-cell located next to C-facility watch office...." Plaintiff claims this was a result of "retaliation" and subjected him to cruel and unusual punishment. Opposition (Opp., pp. 2-3). For the first time, in his opposition, he alleges, without naming any individual per se responsible for the injury, that he suffered a laceration to his forehead, as a result of the inhumane conditions to which he was subjected by having been placed in a "hard cell" for "well over twenty-four hours by defendants." Opp., p. 5. He reiterates that he was deprived of all the procedural safeguards to which he was entitled by his placement in administrative segregation. Opp., pp. 5-6.

Plaintiff includes a series of exhibits to his opposition, apparently seeking to flesh out his allegations. For example, he alleges as part of an administrative appeal, that defendant Mandeville "maliciously" documented that plaintiff declined an investigative employee, from which the inference is that plaintiff did not actually do so, although he does not set this allegation forth in his complaint. It appears from one exhibit to his opposition that plaintiff was retained in administrative segregation until December, 2000[2]; in another, it appears that the 8/22/00 RVR that plaintiff alleges arose from a false accusation was reduced but that plaintiff was retained in ad seg for other reasons, but he does not set forth the duration of his ad seg confinement as a result of the 8/22/00 RVR, and the ensuing classification review, in his complaint. Within the CDC 128G included by plaintiff as an opposition exhibit, it is stated that plaintiff refused to appear before the classification hearing, even though he appears to be claiming his non-attendance as a due process violation within his complaint. In any event, upon this motion to dismiss it is the allegations of the complaint itself that are at issue. Plaintiff must include colorable allegations within the complaint; although he may attach exhibits to his complaint in support of his allegations, something which he did not do in this case, neither new claims in, or

---

[2] Although the exhibit supporting the December, 2000, date, actually states that plaintiff was released into the general population in "December, 2001," it is clear that this is a typographical error because the second level appeal response memorandum is itself dated January 10, 2001. See Exhibit A, to Opp., pp. 3-4.

exhibits to, his opposition can stand in for allegations within the complaint.

*Discussion*

State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300.[3] The Supreme Court has held that an incarcerated prisoner has no liberty interest in being free from segregated confinement imposed as a disciplinary measure. Sandin, at 486, 115 S.Ct. at 2301; see also Mitchell v. Dupnik, 75 F.3d 517, 523 (9th Cir. 1996). The Sandin found that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485, 115 S.Ct. at 2301. (emphasis added). Thus, a convicted prisoner simply has no liberty interest in freedom from increased restraint unless the restraint "exceed[s] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or the state has conferred a liberty interest from confinement conditions "impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id., at 484, 115 S.Ct. at 2300. The Supreme Court found that neither the state regulation at issue therein, nor the Due Process Clause itself, provided plaintiff a protected liberty interest entitling him to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963 (1974), where plaintiff was sentenced for misconduct and confined in segregation, after defendant prison officials allegedly deprived him

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

of procedural due process by not allowing him to present witnesses during a disciplinary hearing. Sandin, at 487, 115 S. Ct. at 487.

Defendants noted Wilkinson v. Austin, 545 U.S. 209, 125 S. Ct. 2384 (2005), wherein the Supreme Court found that Ohio afforded adequate due process protections before placing the most dangerous prison inmates at the highest security, or "Supermax," facility. Distinguishing the 30-day placement in administrative segregation at issue in Sandin from the indefinite confinement under highly restrictive conditions in the Ohio case, the Court found the assignment thereto to be an "atypical and significant hardship under any plausible baseline." Wilkinson v. Austin, 545 U.S. 209, 125 S. Ct. at 2394-2395:

> [A]lmost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, but only in a small indoor room. Save perhaps for the especially severe limitations on all human contact, these conditions likely would apply to most solitary confinement facilities, but here there are two added components. First is the duration. Unlike the 30-day placement in Sandin, placement at OSP is indefinite and, after an initial 30-day review, is reviewed just annually. Second is that placement disqualifies an otherwise eligible inmate for parole consideration. Austin I, 189 F.Supp.2d, at 728. While any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context. It follows that respondents have a liberty interest in avoiding assignment to OSP. Sandin, supra, at 483, 115 S.Ct. 2293.
>
> OSP's harsh conditions may well be necessary and appropriate in light of the danger that high-risk inmates pose both to prison officials and to other prisoners. [...] That necessity, however, does not diminish our conclusion that the conditions give rise to a liberty interest in their avoidance.

Plaintiff, herein, has not even set forth the length of time in which he was retained in administrative segregation. He simply has not made sufficient allegations within his original complaint demonstrating that his placement in administrative segregation rises to the requisite level of "significant and atypical hardship" such that any federal constitutional due process right can be found to have been implicated.

As to any Eighth Amendment claims, the Ninth Circuit has clarified the requisite elements:

> "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

Lopez v. Smith, 203 F.3d 1122, 1132-1133 (9th Cir. 2000). If plaintiff seeks to allege he was subjected to "cruel and unusual" punishment by his ad seg placement, he must do more than allege, within his opposition, that he was thereby injured, particularly when he does not even set forth any supporting facts.

Plaintiff cannot bootstrap a claim of retaliation to his complaint by alleging it in his opposition, especially without providing the supporting allegations. In order to state a retaliation claim, plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

As to his claims of conspiracy, plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984). Moreover, to the extent that he claims that his ad seg placement was illegal, plaintiff must show an actual deprivation of his constitutional rights resulting from the alleged conspiracy. Woodrum, supra, citing Singer v. Wadman, 595 F. Supp. 188 (D. Utah 1982) ("conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights").

Because the court has found that plaintiff has failed to state a claim, defendants further arguments will not be reached. The court will grant defendants' motion to dismiss but plaintiff will be granted leave to amend within 30 days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. Plaintiff's October 14, 2005, motion for a default judgment is denied;

2. Plaintiff's February 6, 2006, motion to compel discovery is vacated without prejudice to plaintiff's re-noticing, when and if appropriate.

3. Defendants' October 26, 2005, motion to dismiss is granted with leave granted for plaintiff to file an amended complaint within 30 days.  Failure to do so will result in a recommendation that this action be dismissed.

DATED:  8/24/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
youn2360.mtd

11