IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

     Plaintiff,                  No. CIV S-01-2360 LKK GGH P

    vs.

R. MANDEVILLE, et al.,

     Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By Order filed on August 28, 2006, defendants motion to dismiss was granted and plaintiff given leave to file an amended complaint. Plaintiff was granted two extensions of time to file his amended complaint; see Orders, filed on September 29, 2006 and on October 31, 2006. Plaintiff filed his amended complaint, defendants Mandeville, Mayfield, Gasaway, Chastain and newly named defendant Chugg have answered and a discovery order is being concurrently filed.

        However, although not plainly set forth in the caption at the outset of the amended complaint, plaintiff apparently seeks to name two additional defendants (see p. 5 of amended complaint) within the form portion of the amended allegations, for which he does not set forth colorable claims. Plaintiff lists as final additional defendants Senior Librarian D. McCarger (or McCargar) and D. Hoffman. However, plaintiff does not reference either name within the

1

1  amended complaint.  To the extent that he seeks to allege a violation of his right of access to the
2  courts by these defendants, his vague allegations regarding another matter for which he was
3  unable to obtain certain photocopies of documents does not do so.  Within the allegations, he
4  states that in another matter, evidently a petition for writ of habeas corpus which was denied, the
5  court informed plaintiff that Congress had not authorized funds for copying services sought by
6  plaintiff.  The Senior Librarian (unnamed within the allegations), rather than providing the
7  supplies and copying services plaintiff sought evidently advised plaintiff to file originals instead.
8  Amended Complaint, pp. 11-12.  Review of exhibits attached to a declaration filed on the same
9  day as plaintiff's first amended complaint reveals that D. Hoffman is (or was) Supervisor of
10 Academic Instruction, and in noting that plaintiff had been granted the PLU status he sought,
11 stated that plaintiff was not dependent on the prison's law library copying services but that his
12 filing could be mailed directly to the court without copies.

13           Plaintiff does not allege the requisite actual injury.  Lewis v. Casey, 518 U.S. 343,
14 351-53, 355, 116 S.Ct. 2174 (1996).  Before a First Amendment claim of a denial of a right of
15 access to the courts can go forward, an inmate must "demonstrate that a nonfrivolous legal claim
16 had been frustrated or was being impeded."  Id.  Among the exhibits that plaintiff has submitted,
17 are appeal decisions indicating that the prison library has rejected copy requests for documents
18 that were submitted "piecemeal."  Moreover, the exhibits regarding the habeas petition that was
19 denied which denial plaintiff seeks to impute to the copy policies, or lack thereof, of defendants
20 McCarger and/or Hoffman, demonstrate that plaintiff's petition was not dismissed or denied
21 based on any failure to submit documents, or copies, to the court.  See Exhibits G and I.  Within
22 the final report and recommendation of Case No. 99-4892 RSWL (EE), of which this court takes
23 judicial notice,[1] recommending denying plaintiff, as petitioner, a writ of habeas corpus, the court

---

25    [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
26 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
   (1981)).

1  noted that as to any "new evidence" plaintiff, as petitioner, discovered and/or submitted after
2  filing the petition, he had failed to exhaust such claims before the California Supreme Court.
3  Exhibit I.  On April 16, 2001, an order adopting the final report and recommendation was filed,
4  and judgment thereon entered.  See Exhibit G, docket entries # 51 & # 52.   In other words,
5  consideration or lack of consideration of such "new evidence" did not implicate the copying
6  procedures of the prison or the defendants plaintiff seeks to name with regard to these
7  allegations, nor is a deprivation of a constitutional right of access to the courts claim thereby set
8  forth.  Plaintiff has not set forth allegations which demonstrate a violation of plaintiff's
9  constitutional rights by defendants McCarger and/or Hoffman and the court will recommend their
10 dismissal.

11         Accordingly, IT IS HEREBY RECOMMENDED that defendant McCarger (or
12 McCargar) and Hoffman be dismissed from this action .

13         These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, plaintiff may file written
16 objections with the court.  Such a document should be captioned "Objections to Magistrate
17 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
18 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
19 Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: 12/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

23 GGH:009
youn2360.fr