IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

      Plaintiff,                    No. CIV S-01-2360 LKK GGH P

    vs.

R. MANDEVILLE, et al.,

      Defendants.             ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) plaintiff's motion to compel discovery, filed on March 5, 2007, to which defendants filed an opposition, on March 26, 2007; 2) plaintiff's motion for entry of default, filed on June 19, 2007, apparently seeking entry of a default judgment based on defendants' alleged failure to respond to plaintiff's discovery requests, which will be construed as a second motion to compel discovery, to which defendants filed an opposition, on June 27, 2007; 3) defendants' motion for summary judgment, filed on June 29, 2007, to which plaintiff

\\\\\

\\\\\

\\\\\

1

1  filed an opposition,[1] on December 26, 2007, after which defendants filed a reply, on January 3,
2  2008; 4) plaintiff's belated motion, filed on July 25, 2007, for a stay on a ruling on plaintiff's
3  objections to Findings and Recommendations, filed on December 8, 2006, wherein this court
4  recommended dismissal of two defendants, McCarger (or McCargar) and Hoffman.  As to
5  plaintiff's motion for a stay of a ruling on that matter, plaintiff was granted an extension of time
6  to file his objections by Orders, filed on January 12, 2007, and February 13, 2007.  In the latter
7  order granting the second extension of time, plaintiff was cautioned that there would be no
8  further extension of time for the filing of his objections, beyond February 28, 2007.  Although
9  plaintiff's objections were file-stamped March 1, 2007, by the court, application of the mailbox
10 rule renders them timely (as having been filed on February 25, 2007, according to the proof of
11 service).  The Findings and Recommendations, along with plaintiff's objections have been
12 submitted before the district judge since March 12, 2007.  Because this matter was pending
13 before the district judge months before plaintiff filed a motion for a stay, the motion for a stay of
14 any ruling will be denied.

15 <u>First Amended Complaint</u>

16         On August 22, 2000, plaintiff was attacked by Inmate Stewart, older and more
17 aggressive than plaintiff, in the C-Facility prison library.  Plaintiff was holding a law library
18 handbook and tried to ward off the inmate's aggressive action and keep possession of the
19 handbook by blocking Stewart's hand with his arm.  Defendant M.A. Chugg activated a personal
20 alarm even though nothing disruptive was happening.  Defendant Chugg then stated on the
21 phone: "It was just a misunderstanding."  When Correctional Counselor II Ember (not a
22 defendant) yelled not to tell him it was just a misunderstanding, as officers stood watching
23 everyone, defendant Chugg said: "one inmate touched the other just above the chest.  The one
24 inmate grabbed hold to [sic] the other inmate and began shaking him."  Defendant Chugg pointed

---

[1] Plaintiff was granted two extensions to file an opposition.  See Orders, filed on 9/17/07 and on 12/06/07.

a finger at plaintiff, thus falsely accusing him of wrongdoing.  First Amended Complaint (FAC), p. 6.

Plaintiff told defendant Chugg: "You need to tell the truth."  Both Inmate Stewart and plaintiff were placed in holding cages; while Stewart was released after about thirty minutes, plaintiff was moved from the holding cage and wrongly housed in a hard cell located next to the C-Facility Watch Office, where he was isolated for 24 hours.  The Correctional Captain (presumably, defendant Mandeville) prevented plaintiff from gathering documentary evidence by depriving him of an investigative employee at a 24-hour review.  On August 23, 2004, defendant Captain R. Mandeville issued a CDC-114-D, administrative segregation (ad seg) unit placement notice, omitting the name of any staff assistant and undermining the assignment of an investigative employee to interview staff and inmate witnesses about plaintiff's having been wrongly implicated in another's misconduct.  At the Aug. 23, 2004, 24-hour review, plaintiff's request for witnesses was placed on the CDC-114-D form by defendant Mandeville but was accompanied by an (unspecified) "improper contradiction," which did not afford plaintiff investigative safeguards.  Id.

Plaintiff was denied preparation for presentation of evidence prior to the initial classification hearing.  Defendant Mandeville improperly refused to release plaintiff from isolation and/or ad seg and deprived him of procedural safeguards in the investigative process by not withdrawing the CDC-114-D, even though it was inaccurately completed, not permitting him an investigative employee.  FAC, p. 7.  Plaintiff claims that defendant Mandeville did not timely review the segregation order (within one working day of the ad seg placement), stating that plaintiff had "declined any investigative employee," when he had not, that "inmate waives right to 72 hours preparation time," when he had not.  Id.  Defendant Mandeville's deprivation of plaintiff's due process rights caused plaintiff to be held in 24-hour isolation detention and in 108 days of ad seg, which was unwarranted and constituted an atypical and significant hardship in relation to the ordinary incidents of prison life.  FAC, p. 8.

3

1       On Aug. 30, 2000, a few minutes before the institutional classification committed (ICC) hearing on the segregation housing order, defendant Gasaway approached plaintiff in his holding cage. Plaintiff stated that the untimely assignment of defendant Gasaway as the assigned staff member meant that this defendant would be unable to assist with preparations for the hearing; plaintiff presented Gasaway with a request to seek a postponement on grounds that to provide plaintiff assistance, documentary evidence should have already been gathered prior to the hearing. When plaintiff presented a request for interview at the beginning of the ICC hearing, but did not receive a good faith response from the defendant chairperson Chastain with respect to his right to present witnesses and documentary evidence at the hearing or a postponement to permit the exercise of such right. FAC, p. 8.

       Defendant Mandeville had annotated the Inmate Request for Interview (in an undefined manner) and the ICC members prevented plaintiff from presenting witnesses or documentation, nor did they allow a postponement of the hearing. Defendants Mandeville and Chastain "purged" any investigative employee assignment for plaintiff, nor did defendant Gasaway provide plaintiff sufficient assistance, as plaintiff stood in the holding cage. Id. Defendants Mandeville, Chastain and Gasaway conspired to deprive plaintiff of his due process rights regarding the classification hearing. FAC, p. 9.

       Plaintiff was issued a serious rules violation report (RVR) (Log No. C-00-08-060) by defendant Chugg, another member of the conspiracy, improperly accusing plaintiff of having engaged in "Battery on an inmate without serious injury," which was referred for felony prosecution. Defendant Chugg's actions were retaliation for plaintiff's use of the grievance system. On Oct. 17, 2000, plaintiff maintained his innocence at the RVR hearing, wherein defendant Chugg alleges plaintiff had placed his hands on Inmate Stewart's neck. Defendant Chugg's retaliatory falsehoods violated plaintiff's First Amendment rights, and resulted in plaintiff's 1-day confinement in isolation and 108-day confinement in ad seg, an atypical and significant hardship, in violation of his Fourteenth Amendment due process rights and in

1  subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.  FAC, p.
2  10.
3         Defendant Correctional Counselor Janice Mayfield used of false
4  information/documentation, on a CDC 128 G form dated 8/30/00 and CDC 629-A on 8/29/00
5  (which is not otherwise specified), to conceal the true evidence that plaintiff's due process and
6  equal protection rights had been violated with regard to the ICC hearing and ad seg order.
7  Defendant Chastain and the ICC participants offered false statements as to segregating plaintiff
8  and as to reasons for plaintiff's not being present, deliberately denying him witnesses who would
9  have contributed significant information at the ICC hearing.  All of the defendants caused
10 plaintiff to have been subjected to false charges and hearings that violated his due process rights,
11 subjecting him to cruel and unusual punishment.  FAC, pp. 10-11.
12        Plaintiff alleges that he was "continuously provided insufficient law library
13 access" with regard to photocopying and supply requests while at California State Prison-
14 Sacramento (CSP-Sac).  Plaintiff names no specific defendant for his various claims of denial of
15 right of access to the courts by being deprived of copying services. Id., at 11-12.  Plaintiff seeks
16 punitive damages.

17 <u>Motions to Compel</u>

18        By Order, filed on February 27, 2007, this court granted defendants Gasaway's
19 and Mayfield's request for an extension of time until March 29, 2007, to serve responses to
20 plaintiff's interrogatories, and cautioned therein that there would be no further extension of time.
21 By Order, filed on March 5, 2007, defendant Mandeville's request for an extension of time until
22 March 29, 2007, for the serving of interrogatory responses to plaintiff was granted, again with a
23 warning that no further extension of time would be granted.   Plaintiff also moved, on March 5,
24 2007, for an order to compel discovery as to defendants Chastain, Gasaway, Mandeville,
25 Mayfield and Chugg.  Plaintiff contends that he served interrogatories and requests for
26 production of documents upon the aforementioned defendants from January 4, 2007, until

1  January 10, 2007, to no avail.  Plaintiff's declaration (Pl Dec) in support of motion to compel
2  (MTC), p. 2.  Plaintiff attaches the interrogatories and requests for production, directed to these
3  defendants, to his declaration.  Pl Dec, Exhibits.  Plaintiff avers that he served interrogatories on
4  defendants R. Mandeville and M.A. Chugg on January 4, 2007; on defendant D. Gasaway on
5  January 7, 2007; on defendants K.M. Chastain on January 8, 2007; on defendant J. Mayfield on
6  January 10, 2007; plaintiff also maintains that he served a request for production of documents
7  upon defendants on January 4, 2007.   Memorandum of Points and Authorities in Support of
8  (Mem.) MTC, p. 4.  Plaintiff's exhibits include a copy of two letters from defendants' counsel
9  stating that interrogatories to defendant Chugg were being returned on the ground that counsel
10 was not representing this defendant.  Pl Dec, Exhibit, pp. 45-46.  At the time of plaintiff's initial
11 motion to compel, there had been no response to the discovery requests.  Mem. MTC, p. 4.  Of
12 course, as noted, the court had by then granted extensions of time as to interrogatory responses
13 from three of the defendants.

14         On March 8, 2007, plaintiff objected to defendants' February 21, 2007, request for
15 an extension of time to serve responses to plaintiff's request for production of documents, asking
16 the court to deny the request and noting that in the December 12, 2006, scheduling order, the
17 parties were informed that the discovery deadline was March 23, 2007, and that requests for
18 discovery were to be served not later than sixty days prior to that date.  The court can find no
19 record of defendants' request for an extension of time until March 23, 2007 (the discovery
20 deadline), to serve responses/production in response to plaintiff's requests for production of
21 documents ever having been considered, granted or denied.  (The court also notes that by
22 granting an extension of time to respond to plaintiff's interrogatory requests, until March 29,
23 2007, to defendants Gasaway, Mandeville, and Mayfield, the discovery deadline, at least as to
24 those interrogatory responses, was extended by almost a week).  On March 12, 2007, plaintiff
25 filed an objection to defendants' failure to respond to interrogatories directed to defendant
26 Chastain.  On March 15, 2007, after this court had granted, on March 5, 2007, a separate

extension of time to defendant Mandeville for filing interrogatory responses, plaintiff filed objections to defendants' counsel's representations in seeking a belated extension of time to complete and serve interrogatory responses on behalf of defendant Mandeville, wherein counsel states that she erred by not including this defendant in her prior request for an extension of time. On March 21, 2007, plaintiff filed his objections to defendant Mayfield's responses to plaintiff's interrogatories. In doing so, plaintiff failed to file the specific interrogatories to which he objected and the responses as set forth by the defendant. Instead, plaintiff stated that he objected to the responses to following interrogatories: nos. 3, 6 through 11, and 13 through 20. Plaintiff has failed to attach the actual interrogatory and response made, followed by his objection to each. While, on the other hand, cross-referencing the declaration accompanying the original motion to compel on March 5, 2008, with plaintiff's later filing, it is possible that the court can discern the interrogatories at issue, and plaintiff has made an effort to characterize the responses the defendant provided and the basis for his objections to them, the court will not engage in such an unwieldy process.

        In opposition to plaintiff's March 5, 2007, motion to compel, defendants point out that, as previously noted, defendants Mayfield, Gasaway (by Order, filed on Feb. 21, 2007), and Mandeville (by Order, filed on Feb. 27, 2007) were granted an extension of time to serve interrogatory responses until March 29, 2007. Opposition (Opp.), p. 2. As to defendant Chastain, defendants' counsel maintains this defendant was never served, and avers that should this defendant be served interrogatories, answers will be provided. Id., and Declaration of Constance Picciano. As to defendant Chugg, defense counsel avers that she has not yet been served, is not a party to this action and service upon counsel of interrogatories directed to this defendant is inappropriate. Opp., pp. 2-3.[2]

---

[2] As to this point, the court finds that defendant's counsel has been particularly, and unnecessarily, circuitous and unhelpful. In the discovery order, filed on 12/08/06, the undersigned noted that while Chugg was a newly named defendant in the first amended complaint, filed on 11/06/06, to which defendants had filed an answer on 11/21/06, because she

On June 19, 2007, plaintiff filed a motion for entry of default, which the court must construe as a second motion to compel discovery.  Therein, plaintiff avers that defendants have never produced documents in response to plaintiff's first set of requests for production of documents and have never served any responses to plaintiff's interrogatories directed to defendants Chugg and Chastain.  Second Motion to Compel (MTC2), p. 4.  Plaintiff attaches the requests and interrogatories at issue.  MTC2, pp. 5-23.

In opposition to the motion, defendants state that to the extent the motion is for an entry of default, the motion is inappropriate because defendant Chugg waived service of process on May 25, 2007, and answered the complaint on June 1, 2007, and is, therefore, not in default. Opposition to MTC2 (Opp2), p. 1.  To the extent that the motion is one to compel discovery from defendant Chugg, defendant's counsel contends that discovery requests served on defendant Chugg were, in essence, premature because they were served on her prior to her being a party.  Opp2, p. 2.  Counsel then goes on to argue that discovery has since closed.  Id.  Counsel noted that upon plaintiff's having moved to modify the scheduling order in this case, the court, by Order, filed on June 1, 2007, modified the scheduling order as to dispositive motions only.  Id.

Defendant's counsel is correct that discovery has been closed, but it is inherently unfair to plaintiff to deprive him of an opportunity to direct interrogatory requests to a newly

---

had responded within the body of the answer, she had waived any argument of lack of proper service.  Defendant's counsel then sought leave to file an amended answer, evidently to remove any reference to defendant Chugg.  The motion had to be denied as defective, however, because counsel, despite averring otherwise, had failed to attach any proposed amended answer to the motion; nevertheless, the court found, on counsel's representation that defendant Chugg had not waived service.  See Order, filed on 2/20/07.  Counsel was directed to file a business address for defendant Chugg or to inform the court that she intended to accept service of process on this defendant's behalf within ten *calendar* days.  Id.  After counsel belatedly, on 3/06/07, supplied a service address for this defendant at CSP-Sacramento, the court ordered service of process upon defendant Chugg.  See Order, filed on 3/29/07.  On 5/25/07, an executed waiver of service as to defendant Chugg, signed by Constance Picciano, the same individual who has been serving as defense counsel for the previously served defendants, the one who had filed the answer referencing Chugg, who had, thereafter, strenuously objected to the court's having found any waiver of service therein and to accepting service on Chugg's behalf earlier, was filed in this court, after which the self-same counsel then filed a separate answer on this defendant's behalf on 6/01/05.

named defendant. Moreover, it appears that defense counsel's initial refusal to waive service of process as to defendant Chugg (see footnote 2) may well have been part of a clumsily executed effort to altogether avoid having to provide discovery responses on behalf of defendant Chugg. As to defendant Chastain, while counsel for defendants maintains that no interrogatory responses were served on this defendant's behalf, plaintiff's initial motion, setting forth the interrogatories directed to this defendant, as Exhibit E to his declaration, makes clear that he had prepared such questions (duplicated in his second motion to compel).[3]

      As far as the court can discern, defendants make no response whatever with respect to the requests for production of documents. On the face of it, defendants do not appear to have been adequately responsive to plaintiff's discovery requests. While it may be that this case cannot survive summary judgment, the court will not reach that question until it is clear that plaintiff has not been unnecessarily obstructed in any legitimate effort to obtain discovery from defendants.

      The undersigned is now compelled to vacate the summary judgment motion in this already excessively prolonged litigation. A new discovery deadline will be re-set herein. Defendants are directed to respond to plaintiff's interrogatory requests directed to defendants Chastain and Chugg and are advised as well to consider supplementing prior interrogatory responses served upon plaintiff as to the remaining defendants. Defendants, if they have not, are also directed to respond to plaintiff's requests for production of documents. Defendants must respond to plaintiff's discovery requests in good faith. The court will deny plaintiff's pending motions to compel discovery responses, but will do so without prejudice. Counsel for defendants is cautioned that should plaintiff file another a motion to compel discovery and this court find that the defendants' responses are deficient or have not been made in good faith, sanctions are

---

[3] The court observes that although no copy of his proof of service as to the interrogatories to defendant Chastain is included in his exhibits, neither is there one included in the exhibits as to interrogatories directed to defendant Gasaway, which defendants acknowledge having received.

most likely to be imposed.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Discovery is re-opened and the discovery deadline is now re-set for June 1, 2008.  Any motions necessary to compel discovery shall be filed by that date.  Defendants are directed as set forth above to provide responses to plaintiff's previously made discovery requests.

   2. Plaintiff's motion to compel discovery, filed on March 5, 2007, is denied without prejudice;

   3. Plaintiff's motion for entry of default, filed on June 19, 2007, construed as a second motion to compel, is denied without prejudice;

   4. Plaintiff's motion for a stay, filed on July 25, 2007, of a ruling on Findings and Recommendations, filed on December 8, 2006, is denied as belated;

   5. Defendants' motion for summary judgment, filed on June 29, 2007, is vacated without prejudice to being re-noticed within sixty days following the newly re-set discovery deadline.

DATED: 02/19/08         /s/ Gregory G. Hollows

              GREGORY G. HOLLOWS
              UNITED STATES MAGISTRATE JUDGE

GGH:009
youn2360.vac