IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

    Plaintiff,                  No. CIV S-01-2360 LKK GGH P

    vs.

R. MANDEVILLE, et al.,

    Defendants.            <u>ORDER</u>

_____/

<u>Introduction</u>

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is what the court now construes as plaintiff's motion to compel further responses to defendant Chugg's interrogatory responses, although cumbersomely entitled "objections to defendant Chugg's request for extension of time to serve interrogatory responses; and objections to incomplete-inadequate interrogatory responses," filed on 4/17/08, to which an opposition was filed, on 5/12/08.[1]

---

[1] This motion was not properly calendared on the court's motion calendar due to the plaintiff's failure to clearly identify his filing as a motion to compel discovery and due to his focus therein on a request for extension of time that had previously been granted, which permitted defendant Chugg, on a showing of good cause, an extension of time until April 21, 2008, to serve her interrogatory responses. See Order, filed on 4/09/08. Plaintiff further confused the issue by his conclusion within the instant motion, wherein the relief he sought was for the court to deny the extension of time or to strike the request for an extension of time, failing to reference at that point his objections to previous discovery responses. See, Objections, etc.,

1

First Amended Complaint

The allegations on which plaintiff proceeds have been previously set forth:[2]

On August 22, 2000, plaintiff was attacked by Inmate Stewart, older and more aggressive than plaintiff, in the C-Facility prison library. Plaintiff was holding a law library handbook and tried to ward off the inmate's aggressive action and keep possession of the handbook by blocking Stewart's hand with his arm. Defendant M.A. Chugg activated a personal alarm even though nothing disruptive was happening. Defendant Chugg then stated on the phone: "It was just a misunderstanding." When Correctional Counselor II Ember (not a defendant) yelled not to tell him it was just a misunderstanding, as officers stood watching everyone, defendant Chugg said: "one inmate touched the other just above the chest. The one inmate grabbed hold to [sic] the other inmate and began shaking him." Defendant Chugg pointed a finger at plaintiff, thus falsely accusing him of wrongdoing. First Amended Complaint (FAC), p. 6.

Plaintiff told defendant Chugg: "You need to tell the truth." Both Inmate Stewart and plaintiff were placed in holding cages; while Stewart was released after about thirty minutes, plaintiff was moved from the holding cage and wrongly housed in a hard cell located next to the C-Facility Watch Office, where he was isolated for 24 hours. The Correctional Captain (presumably, defendant Mandeville) prevented plaintiff from gathering documentary evidence by depriving him of an investigative employee at a 24-hour review. On August 23, 2004, defendant Captain R. Mandeville issued a CDC-114-D, administrative segregation (ad seg) unit placement notice, omitting the name of any staff assistant and undermining the assignment of an investigative employee to interview staff and inmate witnesses about plaintiff's having been wrongly implicated in another's misconduct. At the Aug. 23, 2004, 24-hour review, plaintiff's request for witnesses was placed on the CDC-114-D form by defendant Mandeville but was accompanied by an (unspecified) "improper contradiction," which did not afford plaintiff investigative safeguards. Id.

Plaintiff was denied preparation for presentation of evidence prior to the initial classification hearing. Defendant Mandeville improperly refused to release plaintiff from isolation and/or ad seg and deprived him of procedural safeguards in the investigative process by not withdrawing the CDC-114-D, even though it was inaccurately completed, not permitting him an investigative employee. FAC, p. 7. Plaintiff claims that defendant Mandeville

---

filed on 4/17/08, p. 7 (the court references only the electronic docketing system's pagination).

[2] Corrections or modifications subsequently made are italicized.

2

did not timely review the segregation order (within one working day of the ad seg placement), stating that plaintiff had "declined any investigative employee," when he had not, that "inmate waives right to 72 hours preparation time," when he had not. Id. Defendant Mandeville's deprivation of plaintiff's due process rights caused plaintiff to be held in 24-hour isolation detention and in 108 days of ad seg, which was unwarranted and constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. FAC, p. 8.

On Aug. 30, 2000, a few minutes before the institutional classification committed (ICC) hearing on the segregation housing order, defendant Gasaway approached plaintiff in his holding cage. Plaintiff stated that the untimely assignment of defendant Gasaway as the assigned staff member meant that this defendant would be unable to assist with preparations for the hearing; plaintiff presented Gasaway with a request to seek a postponement on grounds that to provide plaintiff assistance, documentary evidence should have already been gathered prior to the hearing. When plaintiff presented a request for interview at the beginning of the ICC hearing, *he* did not receive a good faith response from the defendant chairperson Chastain with respect to his right to present witnesses and documentary evidence at the hearing or a postponement to permit the exercise of such right. FAC, p. 8.

Defendant Mandeville had annotated the Inmate Request for Interview (in an undefined manner) and the ICC members prevented plaintiff from presenting witnesses or documentation, nor did they allow a postponement of the hearing. Defendants Mandeville and Chastain "purged" any investigative employee assignment for plaintiff, nor did defendant Gasaway provide plaintiff sufficient assistance, as plaintiff stood in the holding cage. Id. Defendants Mandeville, Chastain and Gasaway conspired to deprive plaintiff of his due process rights regarding the classification hearing. FAC, p. 9.

Plaintiff was issued a serious rules violation report (RVR) (Log No. C-00-08-060) by defendant Chugg, another member of the conspiracy, improperly accusing plaintiff of having engaged in "Battery on an inmate without serious injury," which was referred for felony prosecution. Defendant Chugg's actions were retaliation for plaintiff's use of the grievance system. On Oct. 17, 2000, plaintiff maintained his innocence at the RVR hearing, wherein defendant Chugg alleges plaintiff had placed his hands on Inmate Stewart's neck. Defendant Chugg's retaliatory falsehoods violated plaintiff's First Amendment rights, and resulted in plaintiff's 1-day confinement in isolation and 108-day confinement in ad seg, an atypical and significant hardship, in violation of his Fourteenth Amendment due process rights and in subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. FAC, p. 10.

>       Defendant Correctional Counselor Janice Mayfield used *[]* false information/documentation, on a CDC 128 G form dated 8/30/00 and CDC 629-A on 8/29/00 (which is not otherwise specified), to conceal the true evidence that plaintiff's due process and equal protection rights had been violated with regard to the ICC hearing and ad seg order. Defendant Chastain and the ICC participants offered false statements as to segregating plaintiff and as to reasons for plaintiff's not being present, deliberately denying him witnesses who would have contributed significant information at the ICC hearing. All of the defendants caused plaintiff to have been subjected to false charges and hearings that violated his due process rights, subjecting him to cruel and unusual punishment. FAC, pp. 10-11.
>
>       Plaintiff alleges that he was "continuously provided insufficient law library access" with regard to photocopying and supply requests while at California State Prison-Sacramento (CSP-Sac). Plaintiff names no specific defendant for his various claims of denial of right of access to the courts by being deprived of copying services. Id., at 11-12. *Notwithstanding plaintiff's vagueness in his amended complaint on this point, the court notes that defendant Chugg includes as one of the allegations plaintiff makes against her is that she refused to provide plaintiff with required copies of his habeas petition.*[3] Plaintiff seeks punitive damages.

Order, filed on 2/19/08, pp. 2-5.

Motion to Compel

As noted, plaintiff primarily objects to the granting of the request for an extension of time for defendant Chugg, until April 21, 2008, to serve responses because the interrogatory responses by defendant Chugg had been served upon plaintiff as of April 4, 2008, which plaintiff demonstrates by appending the interrogatory responses with the proof of service attached. Objections, pp. 1-7; Exhibit B, p. 24. Defendant Chugg's request was filed on April 3, 2008, and the extension of time thereafter granted, and the court will not revisit this moot issue.

*Discussion*

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to the claim or defense of any party...." Id.

---

[3] See defendant Chugg's opposition to motion to compel further responses, filed on 5/12/08, p. 1.

4

Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

To the extent the objections may be construed as a motion to compel further responses as to defendant Chugg's interrogatory responses, plaintiff apparently takes issue with the following interrogatories, numbered 5, 7-10, 14-17, 19. Objections (Obj.), p. 3.

<u>Interrogatory No. 5</u>:

Describe every incident in which your use of physical access restriction of an inmate became the subject of an investigation. Describe the outcome of that investigation.

<u>Response</u>:

Defendant objects to this interrogatory on the grounds that it is over broad, burdensome, vague and lacks foundation. Not waiving objections, there is no policy entitled "physical access restriction." As indicated above there is a policy which permits inmates with legal deadlines to have priority access to the library, and inmates who are disruptive are removed from the library. With regard to investigations, if plaintiff means have I ever been investigated for excluding an inmate from the library, I have no knowledge of any investigation that could have resulted in disciplinary action because of my enforcement of the library access policies and procedures. If plaintiff is asking about the review conducted in response to inmate appeals concerning access to the library, over the years there were appeals by inmates who were dissatisfied with the amount of time they had in the library. I am retired, and I do not now recall any specific appeal, or the inmates who filed those appeals.

Obj., Ex. B, p. 17.

Plaintiff objects to this response as evasive and incomplete in failing to describe every incident of defendant Chugg's use of "physical access restriction" which became the subject of any investigation nor does it describe the outcome of any investigation. Obj., p. 4.

In opposition, defendant Chugg avers that her response to no. 5 is a follow-up to no. 2 (not at issue). In response to Interrogatory no. 2, which asked for a description of "the prison library policy regarding the use of physical access restriction against inmates," defendant Chugg stated:

> Defendant objects to this interrogatory on the grounds that it is vague. Not waiving objection, there is no prison library policy regarding the "use of physical access restriction against inmates." The prison library has limited capacity. Inmates with legal deadlines are given priority access to the library. Other inmates may access the library, on a first come, first served, basis during the times they have access to the yard. If plaintiff is referring to the removal of an inmate from the library, library procedures provide that inmates must obey all prison rules, follow orders, and conduct themselves in a way that is not disruptive of library operations. An inmate that disrupts library operations, disobeys orders or commits a disciplinary offense in the library is either ordered to leave the library, or is removed by custody staff.

Opposition (Opp.), p. 6, Ex. B defendant Chugg's responses, p. 16.

The court finds that defendant Chugg's response to Interrogatory no. 5 was not evasive. She indicates no knowledge of any investigation regarding her exclusion of an inmate from the library and any actions taken by her to enforce library access policies or procedures that could have resulted in disciplinary action against her. No information as to any other kind of investigation would appear to be reasonably calculated to lead to the discovery of admissible evidence. Nor is plaintiff's interrogatory particularly well-framed. The motion as to this interrogatory will be denied.

Interrogatory No. 7:

Describe in detail every instance in which you observed any other official or personnel of the California State Prison system use unnecessary physical access restriction against an inmate. State whether you filed a report regarding your observations.

Response:

Defendant objects to this interrogatory on the grounds that it is vague, lacks foundation, is over broad, burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Not waiving objections, as described above there is no

> policy called "physical access restriction." If plaintiff is asking about inmates being improperly excluded from the prison library, as the librarian, I would have had the authority to allow an inmate access to the library, if I observed library staff trying to wrongfully exclude an inmate. A written report would be unnecessary. I do not now recall any such incidents. If plaintiff means inmates who were excluded from the library for disruptive behavior, a rule violation report would have been written if the inmate had committed a disciplinary offense. I recall writing a rule violation report because of plaintiff's misconduct in the library. See Attachment 1.

Obj., Ex. B, p. 18.

Plaintiff objects to this response as not providing "complete information about unnecessary physical access restriction by any other official" that defendant Chugg may have observed. Obj., p. 4. Defendant, however, is correct in that it appears that defendant Chugg has responded as fully as she is able. Opp., p. 7. Defendant Chugg cannot be compelled to respond further regarding incidents of improper exclusion of inmates from the library by other prison staff or officials she observed if she does not recall any such incidents, although, as defendant points out, plaintiff would be free to cross-examine her as to her lack of recollection at trial. The motion will be denied as to this interrogatory.

Interrogatory No. 8:

> Describe the process you currently use or would use to report incidents involving the unnecessary use of physical access restriction against an inmate.

Response:

> I am retired, and have no present involvement in library operation.

Obj., Ex. B, p. 18.

Plaintiff objects to this answer as non-responsive and evasive. Obj., p. 4. Defendant Chugg counters that she has indicated that as she is retired she has no knowledge of or responsibility for present library operations, so she can provide no information as to what the current library procedures are. Opp., p. 8. Elsewhere, in her interrogatory responses, defendant Chugg indicates that she has been retired since 2004. See, Obj., Exh. B, p. 16. Plaintiff's

interrogatory focuses on what the current process is for reporting incidents of "unnecessary use of physical access restriction" which is in itself awkwardly and confusingly expressed. Nor is it clear how current procedures would be reasonably calculated to lead to the discovery of admissible evidence. Finally, other than stating conclusorily that the answer is non-responsive and evasive, plaintiff does not state how; that is, he does not, for example, argue that he is asking for the process that defendant Chugg used or that was in effect in the past or for the relevant period. The motion as to this interrogatory will be denied.

As to the Interrogatories numbered 9, 10, 14, 15, 16 and 17, plaintiff's objection as to these interrogatories centers on defendant's failure to include the attachments referenced in response to them. Obj., pp. 4 - 6. This would also apply to Interrogatory no. 7 (noted above). In opposition, however, defendant's counsel has attached as Exh. A, copies of attachments 1 and 2 referenced in answer to those interrogatories, showing proof of service of the attachments as of May 9, 2008. Although this was beyond the extension of discovery deadline to April 21, 2008, counsel states that the omission was inadvertent because she was not in the office when the responses were served. Opp., p. 5. The motion as to these interrogatories will be denied.

Finally, plaintiff takes issue with defendant Chugg's response to Interrogatory 19.

Interrogatory No. 19:

Describe in detail every instance in which you observed any other official or library personnel of the California State Prison system use unnecessary rejection of legal documents photocopying against an inmate. State whether you filed a report regarding your observations.

Response:

Defendant objects to this interrogatory on the grounds that it is vague. Not waiving objection, as the Librarian it would have been my responsibility to resolve disputes over what documents would be copied, and the number of copies which would be provided. Over the years, I resolved, or attempted to resolve numerous disputes. It was my responsibility to determine if the inmate was entitled to receive the copies he requested, pursuant to provisions of the DOM. A report of having granted the inmate's request for copies would not have been prepared, unless the issue was resolved

8

> through an administrative appeal. In the appeals process, the
> appeal would have been handled by my supervisor at the informal
> level. The original appeal form would have been returned to the
> inmate.

Obj., Ex. B, p. 22.

Plaintiff contends, once again in very cursory fashion, that this response "does not provide complete information about rejection of documents." Obj., p. 4. Defendant insists that the response cannot be properly evaluated without reference to the response to Interrogatory no. 15. Opp., p. 9. In no. 15, plaintiff asked defendant Chugg to "[d]escribe the prison library policy regarding the use of limitation on photocopying service."

Defendant Chugg made the following response to Interrogatory no. 15:

> Defendant objects to this interrogatory on the grounds that it is
> vague and argumentative. Not waiving objections, the prison
> library provides copies of documents needed by inmates to file and
> litigate civil cases, appeals of their criminal convictions and habeas
> actions. The prison does not otherwise provide copy services. The
> Department of Corrections and Rehabilitation Operations Manual
> (DOM) specifies which documents will be copied and how many
> copies of a document are to be provided to an inmate for each type
> of pleading. See attachment 2.

Opp., p. 9; Obj., Ex. B, p. 20.

Defendant notes again that plaintiff, since the filing of his objections to the responses that plaintiff has been provided, with the attachment referenced, which was a copy of the applicable DOM sections, and did so even though she contends that it would be available to him in the prison library. Opp., p. 9 & n. 1. Defendant avers that in Interrogatory no. 19, plaintiff seeks her present recollection of any time a staffmember denied an inmate copy services, or restricted the number of copies and whether or not a written report would have been made. Opp., p. 9. Actually what plaintiff asks is for this defendant to describe in detail each time she observed any other prison official improperly denying any inmate copies. By her response, defendant Chugg states in generic fashion that it was she, as the prison librarian, who resolved disputes as to what copies might be provided, and in conjunction with the response to

Interrogatory no. 15, it is clear that she is averring that she resolved, or tried to, all such disputes, which apparently would constitute all of which she was aware, in accordance with the DOM. Further, she states that there would have been no report prepared of having granted an inmate's request for copies, unless resolved by administrative appeal, which appeal would not have been handled by her. Thus, in essence, her response appears to be, implicitly, that she did not observe other prison officials or library staff unnecessarily rejecting copies because it was she who ultimately made the determination as to what copies could be provided in accordance with prison regulation, at least until the point that her decision was appealed, which would be resolved at the informal level by her supervisor. There appears to be little point to requiring a further response. The motion to compel as to this interrogatory will be denied.

Miscellaneous

To the extent plaintiff seeks some form of injunctive relief by his filing on 3/14/08, the request will be vacated but without prejudice to the filing of an appropriate motion, supported by specific facts related to this litigation, attested to by affidavit(s) and with any appropriate exhibits. Plaintiff, essentially and amorphously, asks this court to prohibit his CSP-Sacramento prison officials from harassing, attacking and striking him and from destroying his personal property, acts which are already prohibited. Ex parte motion, pp. 1-2. Plaintiff seeks injunctive or declaratory relief against "myriad of prison personnel...." Id. at 3. He complains vaguely that he is subjected to conspiratorial acts, that his screened-out appeals are withheld, that he is being hindered in litigating a variety of cases. Id., at 3-4. He includes an unsigned declaration from another inmate, Kenneth Candler, in purported support of his motion. Id., at 6, 28-29. Inmate Kandler's declaration itself, in addition to being wholly deficient for lack of a signature, is also extremely vague as to "people" not helping plaintiff meet his unidentified court-ordered deadlines or not assisting himself (Kandler) with getting his legal materials. Id., at 28-29. Almost every exhibit plaintiff attaches are either copies of inmate appeals which do not concern issues germane to this case, or concerns other federal cases plaintiff is pursuing. Id., at

7- 26. To the extent, plaintiff touches on any defendant herein, he does not state expressly how or when he has been hampered by any such individual from proceeding in this case. If plaintiff is subject to on-going retaliation by a defendant in this case and is being hampered in his ability to proceed in this action, then he must explicitly set forth by whom, when and in what specific manner and he must to do in a coherent declaration, attaching only relevant exhibits.

Conclusion

By Order, filed on February 19, 2008, the court, inter alia, vacated defendants' then-pending motion for summary judgment, without prejudice to its being re-noticed within sixty days following the newly re-set discovery deadline, which was June 1, 2008. Therefore, the deadline for defendants to re-notice the vacated dispositive motion was July 31, 2008. That deadline has long since passed and defendants failed to file either a timely request for an extension of time or a re-notice of the motion. This matter will now be set for trial.

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent that plaintiff, in objections, filed on 4/17/08 (docket # 145), seeks a denial of a motion for extension of time for defendant Chugg's discovery responses, the objections are denied; to the extent that plaintiff's objections (docket # 145) are construed as a motion to compel further responses to defendant Chugg's interrogatory responses enumerated above, the motion is denied.

2. Plaintiff's deficient and vague request for injunctive relief, filed on 3/14/08 (#141), is vacated without prejudice to the filing of a request that is properly supported and that is addressed to the defendants named herein, as set forth above.

3. The pretrial conference is set for April 27, 2009 (the pretrial conference shall be conducted on the file only, without appearance by either party); plaintiff shall file his pretrial statement on or before April 6, 2009; defendants shall file their pretrial statement on or before April 20, 2009;

\\\\\

2. Jury trial is set for September 15, 2009, at 10:30 a.m., before the Honorable Lawrence K. Karlton.

DATED: March 16, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
youn2360.mtc+