IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

    Plaintiff,                         No. CIV S-01-2360 LKK GGH P

    vs.

R. MANDEVILLE, et al.,

    Defendants.                 ORDER

                                        /

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. Pending before this court are the Magistrate's Findings and Recommendation of dismissal of two defendants, plaintiff's motion for reconsideration of the Magistrate's denial of a request for a stay, and plaintiff's request to disqualify both the Magistrate Judge and the undersigned.

**I. PROCEDURAL BACKGROUND**

Through a series of unfortunate circumstances, the case comes before this court in an unusual posture. On November 6, 2006, plaintiff filed his First Amended Complaint ("FAC"). In this complaint, plaintiff added two new defendants, D. McCarger (or McCargar) and D. Hoffman, and the new allegations that these defendants had denied plaintiff the ability to make copies in connection with past litigation brought by plaintiff.

On December 8, 2006, the Magistrate Judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. The Magistrate recommended dismissing plaintiff's claims against the newly added defendants. After receiving two extensions of the time to file objections, plaintiff filed objections on March 1, 2007. The magistrate ordered service on other defendants, but not McCargar and Hoffman.

On June 29, 2007, defendants filed a motion for summary judgment. Although the magistrate's order recommending dismissal of defendants McCargar and Hoffman had not been adopted, this motion was brought only on behalf of the remaining defendants. On July 25, 2007, plaintiff filed a motion for stay (Doc. 123). This motion stated that plaintiff sought "a stay of summary judgment . . . relieving [plaintiff] of his obligation to respond to defendants' Motion for Summary Judgment pending the Court's ruling on Plaintiff's objections to the December 8, 2006 findings and recommendations . . . ."

On February 19, 2008, defendants' motion for summary judgment and plaintiff's motion for a stay were still pending. The Magistrate issued an order re-opening discovery, vacating without prejudice the summary judgment motion, and denying plaintiff's motion for a stay. (Doc. 137) However, the magistrate construed that motion as seeking a stay of a ruling on the November 6, 2006 Findings and Recommendations, rather than a stay of the summary judgment motion. The order stated that the findings and recommendations had been pending before this court since March 12, 2007, and that consideration of them would not be stayed. On March 3, 2008, plaintiff filed an "objection" to the February 19 order, pointing out this misconstrual of plaintiff's earlier motion for a stay. (Doc. 139) On the basis of this misconstrual, plaintiff sought to have the Magistrate disqualified from this action. This court denied plaintiff's request for disqualification on March 25, 2008, without discussion of the magistrate's misconstrual. (Doc. 142)

On December 30, 2008, plaintiff again moved for reconsideration of the Magistrate's

February 19 order. This motion extensively discusses the fact that the November 2006 Findings and Recommendations are still outstanding, and seeks disqualification of both the Magistrate and the undersigned in light of the situation. This motion, and the November 2006 Findings and Recommendations, are currently pending before this court.

## II. FACTUAL BACKGROUND

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.

In 1999 and early 2000, plaintiff was proceeding with a habeas petition in federal court. Plaintiff's FAC alleges that during this time, plaintiff was denied access to photocopying services, and that as a result, he was forced to file with the court the original and only copies of alleged "new evidence" obtained by plaintiff in support of his then-pending federal habeas petition. The court denied plaintiff's later request to be provided with copies of the documents plaintiff had submitted. As a result of being forced to file his only copies, plaintiff alleges that he was, inter alia, unable to "pursue further necessary judicial relief."

The complaint does not specify what form of relief plaintiff was unable to pursue. As the Magistrate's Findings and Recommendations noted, plaintiff's federal habeas petition was denied on the merits. The magistrate judge in that case stated that:

> to the extent that petitioner objects that he discovered new evidence after this petition was filed, and the new evidence was not considered, such evidence may not properly be considered here until petitioner has presented it to the California Supreme Court and exhausted his claims there.

Ex. I to Pl.'s FAC, Young v. Roe, Final Report and Recommendation of United States Magistrate Judge, No. 99-4892-RSWL (EE) (C.D. Cal. Apr. 16, 1002). Thus, the alleged limits on copies did not cause the court to reject plaintiff's evidence in evaluating his habeas petition.

Plaintiff's objections to the Magistrate's Findings and Recommendations specify that among the further relief plaintiff was presented from pursuing was the a state habeas petition that would have presented this evidence to the state court. Because he was forced to submit original

copies of his exhibits, he was prevented from attaching those exhibits to a subsequent state habeas petitions on the same subject. Pl.'s Objections to the Findings and Recommendations, 10:19. No such petition was actually filed.

### III. DISCUSSION

**A.    Plaintiff's Access to Courts Claim**

The First and Fourteenth Amendments provide prisoners with a right of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). To succeed on a claim alleging a violation of this right, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. This impediment must constitute "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348. "If the prisoner retains the ability to present his or her arguments to the court, there is no actual injury." Faurot v. Barton, 2007 U.S. Dist. LEXIS 78907 (E.D. Cal. Oct. 23, 2007).

The Magistrate properly found that plaintiff has not identified any prejudice or injury to an existing suit. However, if the alleged withholding of copies prevented plaintiff from filing other nonfrivolous suits, that would constitute a cognizable injury. By holding that an injury could occur with respect to existing or contemplated litigation, Lewis established that a plaintiff need not actually initiate a suit only to have the suit rejected; it is enough for the defendant to frustrate a contemplated nonfrivolous claim. See also Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (implying that under Lewis, injury can consist of "inability to file a complaint"). The Magistrate did not discuss this possibility.

Plaintiff may have contemplated a subsequent state suit. However, any such suit was not frustrated or impeded. Plaintiff could have filed a state petition based on new evidence without attaching a copy of the then-unavailable evidence. A California habeas petition should include "the facts on which relief is sought" and "copies of *reasonably available* documentary evidence supporting the claim." People v. Duvall, 9 Cal. 4th 464, 474 (1995) (emphasis added). Where a

1  petitioner seeks to be excused from providing evidence on the ground that it is not reasonably
2  available, the petitioner should explain why the information is unavailable, and what steps were
3  taken to acquire it. See id. at 485. Thus, plaintiff could have filed a state petition that explained
4  the facts established by the newly discovered evidence (since such facts were known to plaintiff),
5  and that further explained why a copy of the evidence itself was unavailable (plaintiff's inability
6  to make copies of it, and need to submit it to the federal court).

7  Plaintiff's filing of a state petition based on this new evidence undoubtedly would have
8  been facilitated by having additional copies of this evidence, but to be cognizable, the injury
9  must have a more significant impediment. Injury must take the form of "actual prejudice," such
10 as the inability to make a filing or present a claim at all. Lewis, 518 U.S. at 348. Under Duvall,
11 plaintiff could have filed his contemplated state habeas petition despite defendants' alleged
12 conduct. Accordingly, plaintiff has failed to state a claim against defendants McCargar and
13 Hoffman.

**B.      Reconsideration of The Denial of the Stay**

15 Plaintiff also seeks reconsideration of the Magistrate's denial, on February 19, 2008, of a
16 motion for a stay pending ruling on the November 2006 Findings and Recommendations. The
17 court now rules on those findings, so any further stay would be moot. In addition, the magistrate
18 vacated the motion for summary judgment plaintiff sought to have stayed, accomplishing a
19 similar result. Finally, this motion, submitted on December 30, 2008, is untimely. Pursuant to
20 Local Rule 72-303(b), "rulings by Magistrate Judges shall be final if no reconsideration thereof is
21 sought from the court within ten days . . . from the date of service of the ruling on the parties."
22 Accordingly, the motion for reconsideration is denied.

**C.      Disqualification**

24 Plaintiff also seeks recusal of both the magistrate and district judges. A federal judge
25 "shall disqualify himself in any proceeding in which his impartiality might reasonably be
26 questioned." 28 U.S.C. § 455(a). Section 445(b) enumerates various other factors warranting

disqualification which are not relevant here. Additionally, recusal is required under 28 U.S.C. § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . ."

As to the Magistrate Judge, plaintiff's allegation that the recommended dismissal of the two defendants shows bias has no merit. The allegation that the magistrate deliberately misconstrued plaintiff's request for a stay is also insufficient, especially since the magistrate's decision to vacate the pending summary judgment order accomplished much of the result actually sought by plaintiff. Although the misconstrual and the delay regarding the findings and recommendations are regrettable, these facts do not demonstrate bias or prejudice. This court has previously denied plaintiff's request for the Magistrate Judge's disqualification from this matter, and this renewed request is also denied. See Order of March 25, 2008 (Doc. 148).

As to the undersigned, plaintiff makes no showing warranting recusal.

### IV. CONCLUSION

For the reasons stated above, it is hereby ordered that

1. The findings and recommendations filed December 8, 2006 (Doc. 80) are adopted in full, except insofar as they ignore the possibility of injury to contemplated, rather than existing, litigation, as discussed above. Defendants McCarger (or McCargar) and Hoffman are DISMISSED from this action.

2. Plaintiff's December 30, 2008 motion for reconsideration (Doc. 147) is DENIED.

3. Plaintiff's request for recusal of the magistrate judge and district judge from this case (also made in Doc. 147) is DENIED.

As stated in the Magistrate's order of March 16, 2009, this matter has now been set for pretrial conference on April 27, 2009, and for trial on September 15, 2009.

IT IS SO ORDERED.

DATED: March 26, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT