IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

      Plaintiff,                               No. CIV S-01-2360 LKK GGH P

    vs.

R. MANDEVILLE, et al.,

      Defendants.                    ORDER

_____/

        Defendants have indicated that they do not intend to supplement the Pretrial Order by identifying any disputed evidentiary issues. Defendants did file an objection to the Pretrial Order, filed on June 19, 2009 (docket # 159), asking that they be allowed, at this late date, to re-notice their motion for summary judgment, which objection is overruled. To the extent that defendants object generally in a footnote to the court's not having adopted the facts as undisputed in the Pretrial Order that defendants set forth as undisputed in their vacated motion for summary judgment, that objection is also overruled.

        Plaintiff objects to various portions of the Pretrial Order, including the footnote wherein the court points out plaintiff's failure to submit a complete pretrial statement after having been permitted repeated opportunities to do so, alleging, for example, without foundation that the undersigned has a bias against him. Plaintiff avers that he believed his list of witnesses,

list of exhibits, and pretrial conference statements were "independent items," although he does not clarify the basis for this wholly erroneous assumption. Although he does not express his objections clearly, it appears that plaintiff objects to the court's having found that he has defaulted on the opportunity to present exhibits and objects to not being permitted the use of discovery documents, and apparently objects to the court's having noted that he did not address the topic identified as "further discovery or motions." Even in his objections, however, plaintiff continues to fail to identify any trial exhibits, discovery documents, or further discovery or motions.[1] This case was filed nearly eight years ago and there can be no reasonable explanation for plaintiff to have as yet failed to compile and present his list of trial exhibits, etc., even within his objections. Although the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam), "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff's objections are overruled.

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of

---

[1] On July 8, 2009 (docket # 166), the district judge denied plaintiff's request for reconsideration of the Order, filed on June 10, 2009, by the undersigned, denying plaintiff a further extension of time to file exhibit lists, witnesses and pretrial conference statements, noting that the court had previously granted an extension of time for plaintiff to do so. Therein, Judge Karlton also noted, inter alia, that the Pretrial Order had nevertheless incorporated the untimely filed pretrial statements plaintiff sought to be considered. He also observed that in his request for reconsideration plaintiff referenced "unspecified exhibits, but does not list them...." See Order, filed on July 8, 2009 (docket # 166).

1  counsel will therefore be denied.

         Accordingly, IT IS HEREBY ORDERED that:

         1.  Both defendants' and plaintiff's objections, filed on July 2, 2009 (docket # 164), and July 6, 2009 (docket # 165), respectively, to the <u>Pretrial Order</u> are overruled; and

         2.  Plaintiff's June 29, 2009 (docket # 163), motion for the appointment of counsel is denied.

DATED: July 9, 2009

                                      /s/ Gregory G. Hollows

                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
youn2360.31+