IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

      Plaintiff,                      No. 2:01-cv-2360 LKK KJN P

      vs.

R. MANDEVILLE, et al.,

      Defendants,                 FINDINGS AND RECOMMENDATIONS

/

I. Introduction

      Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' summary judgment motion filed September 18, 2009. (Dkt. No. 173.) On November 20, 2009, plaintiff filed his opposition. (Dkt. No. 177.) On December 22, 2009, plaintiff filed a supplemental opposition. (Dkt. No. 180.) On January 4, 2010, defendants filed a reply. (Dkt. No. 181.)

      After carefully considering the entire record, the undersigned recommends that defendants' motion be granted.

II. Amended Complaint

      This case is proceeding on the first amended complaint and declaration in support thereof filed November 6, 2006, against defendants Mandeville, Mayfield, Gasway, Chastain and

1

Chugg.[1]  (Dkt. Nos. 76, 77.)

Plaintiff alleges that he was deprived of his right to due process in connection with his placement and retention in administrative segregation ("ad seg").  Plaintiff also alleges that defendants retaliated against him, violated his right to access the courts, violated the Eighth Amendment and his right to Equal Protection.

Plaintiff alleges that on April 11, 2000, defendant Chugg denied him access to photocopying services and the law library in violation of his right to access the courts.

Plaintiff alleges that on August 22, 2000, he was attacked by inmate Stewart in the law library.  Following that incident, defendant Chugg allegedly falsely charged plaintiff with attacking inmate Stewart.  Plaintiff alleges that defendant Chugg made the false charge in retaliation for plaintiff's filing of administrative grievances.

On August 23, 2000, following a hearing conducted by defendant Mandeville, plaintiff was placed in ad seg based on the incident involving inmate Stewart.  Plaintiff alleges that defendant Mandeville denied him his rights to an investigative employee and to call witnesses at this hearing.  Plaintiff alleges that there was not sufficient evidence to support defendant Mandeville's decision to place him in ad seg.  Following that hearing, plaintiff was held in ad seg for 108 days.

On August 30, 2000, a hearing was held to consider plaintiff's continued retention in ad seg.  Prior to that hearing, defendant Gasway was appointed as plaintiff's investigative employee.  Plaintiff requested a postponement of the hearing because he did not believe that defendant Gasway had conducted an adequate investigation.

At the hearing, defendants Mandeville and Chastain allegedly denied plaintiff's request to present witnesses and evidence as well as his request to postpone the hearing.  Plaintiff also alleges that this hearing was not timely.

---

[1] Plaintiff's claims for violation of his right to access the court against defendants McCarger and Hoffman were dismissed on March 26, 2009.  (Dkt. No. 149.)

Plaintiff alleges that defendant Mayfield conspired to cover up the false charges made against him by defendant Chugg.

Plaintiff was found guilty of the disciplinary charges on October 17, 2000.

III. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Fed. R. Civ. P. 56(c) is met. "The judgment sought should be rendered if . . . there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (internal citation omitted).

IV. Discussion

Where appropriate, the undersigned addresses below the undisputed facts as to the particular claims:

### A. Due Process at August 23, 2000 and August 30, 2000 Hearings

The undersigned first considers plaintiff's claims alleging due process violations in connection with the August 23, 2000 and August 30, 2000 hearings, wherein he was ordered placed and retained in ad seg following the incident involving inmate Stewart. Plaintiff alleges that the August 30, 2000 hearing was not timely held, he was denied his opportunity to present witnesses and evidence, and that he was not provided with an adequate investigative employee. Plaintiff also alleges that there was not sufficient evidence to support the decisions made at these hearings to place and retain him in ad seg.

The "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Burnsworth v. Gunderson, 179 F.3d 771, 774 (9th Cir. 1999). A prisoner possesses a liberty interest "when a change occurs in confinement that imposes an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.' " Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Placement in segregation pending investigation of disciplinary charges does not implicate a protected liberty interest absent a showing that the conditions of confinement constituted an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 448-49 (quoting Sandin). Typically, placement in segregated housing in and of itself does not implicate a protected liberty interest. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). Mere allegations by a prisoner that he was denied due process in connection with the

decision to administratively segregate him do not present a constitutionally cognizable claim, absent a showing that the specific deprivation at play meets the "real substance" test. See, e.g., May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Richardson v. Runnels, 594 F.3d 666, 672-73 (9th Cir. 2010) (administrative segregation for two weeks in the Security Housing Unit (SHU) pending a gang investigation is not deprivation of a protected liberty interest); Resnick v. Hayes, 213 F.3d 443, 447-49 (9th Cir. 2000) (prisoner's retention in SHU for seventy days pending a disciplinary hearing did not give rise to a liberty interest protected by the Due Process Clause).

Defendants argue that plaintiff's placement and retention in ad seg pending the disciplinary charges did not constitute an atypical and significant hardship. While plaintiff alleges that he was held in ad seg for 108 days, he was held in ad seg pending the disciplinary charges for 55 days, i.e. from August 23, 2000 to October 17, 2000, the date of the disciplinary hearing. In his opposition, plaintiff does not describe the conditions of ad seg nor otherwise address the issue of whether the conditions of his confinement constituted an atypical and significant hardship. Accordingly, pursuant to the Ninth Circuit precedent cited above, the undersigned does not find that plaintiff's confinement in ad seg for 55 days pending the disciplinary charges gave rise to a liberty interest protected by the Due Process Clause.

Defendants also argue that even if the undersigned were to find that plaintiff suffered an atypical and significant hardship, he received all the process he was due.

Under the Constitution, "an informal, nonadversary evidentiary review is sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him." Hewitt v. Helms, 459 U.S. 460, 476, (1983). The Supreme Court determined that, to satisfy the Due Process Clause, "[a]n inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." Id. The Ninth

Circuit has elaborated that "the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). However, there must be "some evidence" to support the decision. Id. at 1104.

Plaintiff did not have a constitutional right to present witnesses or evidence or to be assisted by an investigative employee at the hearings regarding his placement and retention in ad seg pending the disciplinary charges. Plaintiff may also be claiming that he did not receive adequate written notice of the reasons for his placement and retention in ad seg. However, plaintiff has no constitutional right to written notice of these reasons.

Additionally, plaintiff may be arguing that the hearings were not held within the time limits required by prison regulations. However, violations of state prison regulations do not rise to the level of a constitutional violation. Sandin v. Conner, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations phrased in mandatory terms); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (a prison's failure to follow its own guidelines regarding hearings does not alone constitute denial of due process); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal claims and are not cognizable under § 1983). Because the hearings were held within a reasonable time after plaintiff's placement in ad seg, no due process violation occurred.

Plaintiff's claim that there was not sufficient evidence to support defendants' decisions placing him and retaining him in ad seg is without merit. Plaintiff was ordered placed in ad seg on August 23, 2000, based on defendant Chugg's report that he assaulted inmate Stewart. (Dkt. No. 173-4, p. 12.) Plaintiff was ordered retained in ad seg on August 30, 2000, also based on defendant Chugg's report that he assaulted inmate Stewart. (Id., p. 13.) The August 30, 2000 decision was also based on rules violation reports plaintiff received on June 9, 2000, May 3, 2000, and April 17, 1999, which also rendered him a threat to the safety of the

institution. (Id.) The report of defendant Chugg as well as plaintiff's other rules violations constituted "some evidence" to support the decisions to place and retain plaintiff in ad seg.

Accordingly, for the reasons discussed above, defendants should be granted summary judgment as to plaintiff's claim that he was denied due process in connection with the August 23, 2000 and August 30, 2000 hearings.

B.  False Charges by Defendant Chugg

Plaintiff alleges that defendant Chugg violated his right to due process by falsely charging him with assaulting inmate Stewart. Prisoners have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). In this action, plaintiff does not claim that he was denied due process at his disciplinary hearing. Accordingly, defendants are entitled to summary judgment as to that claim.

C.  Retaliation and Denial of Access to the Courts

Defendants argue that plaintiff's retaliation and denial of access to the courts claims against defendant Chugg are barred by the statute of limitations.

Because actions brought under 42 U.S.C. § 1983 do not contain a statute of limitations, the statute of limitations in § 1983 civil rights cases is governed by state law. Wilson v. Garcia, 471 U.S. 261, 275 (1985); McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir. 1991). Prior to January 1, 2003, the California statute of limitations for personal injury actions was one year. Cal. Civ. Proc. Code § 340(3) (2000) (repealed).[2] Because plaintiff's

---

[2] On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions. However, the longer period found in § 335.1 is inapplicable to plaintiff's action. See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to

claims accrued prior to January 1, 2003, the one year statute of limitations applies to his claims.

Federal courts, in addition to applying the forum state's statute of limitations in this context, also apply the forum state's law regarding tolling when not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 537-39 (1989)  Prisoners serving sentences of less than life without the possibility of parole are entitled to two years of tolling for claims for damages in an action "relating to conditions of confinement, including an action brought ... pursuant to Section 1983 Title 42 of the United States Code." See Cal. Code Civ. P. § 352.1.  In the instant case, plaintiff is serving a sentence of thirty-five years to life. (Dkt. No. 173-4, p. 13.)

In addition, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (citing Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001)).

Plaintiff's original complaint filed December 24, 2001, did not name defendant Chugg as a defendant. (Dkt. No. 1.)  Because plaintiff did not name defendant Chugg as a defendant until he filed the amended complaint on November 6, 2006 (see Dkt. No. 76), the claims against defendant Chugg do not relate back to the original complaint.  See Woo v. Superior Court, 75 Cal.App.4th 169,176, 89 Cal.Rptr.2d 20 (1999) ("The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed.")

Plaintiff exhausted his administrative remedies regarding his retaliation claims against defendant Chugg on September 17, 2001. (See Dkt. No. 77, Exhibit E.)  Therefore, plaintiff had three years (one year limitations period and two years of tolling) from September 17, 2001, to file a timely retaliation claim against defendant Chugg.  The amended complaint was filed more than three year after September 17, 2001.  Accordingly, the retaliation claims against

---

claims already barred under the prior statute of limitations.)

defendant Chugg are barred by the statute of limitations.

Plaintiff exhausted his access to the courts claims against defendant Chugg in administrative appeals denied at the Director's Level on March 13, 2001, and September 24, 2001. (See Dkt. No. 77, Exhibits A, B.)  Therefore, plaintiff had three years from March 13, 2001, and September 24, 2001, to file a timely access to the courts claim against defendant Chugg.  The amended complaint was filed more than three years after those dates.  Accordingly, the access to the courts claims against defendant Chugg are barred by the statute of limitations.

D.  Equal Protection

Plaintiff alleges that defendants violated his right to Equal Protection.  As observed by defendants, plaintiff's amended complaint contains no allegations in support of such a claim, nor do his allegations suggest such a claim.  Accordingly, defendants should be granted summary judgment as to plaintiff's Equal Protection claim.

E.  Eighth Amendment

Plaintiff argues that his retention in ad seg for 108 days violated the Eighth Amendment.  Defendants argue that plaintiff's complaint contains no allegations in support of an Eighth Amendment claim.

"[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Plaintiff's amended complaint contains no allegations regarding the conditions of ad seg or otherwise suggesting an Eighth Amendment claim.  For these reasons, plaintiff has not stated a colorable Eighth Amendment claim.  Accordingly, defendants should be granted summary judgment as to this claim.

F.  Conspiracy

Plaintiff alleges that defendant Mayfield conspired with the other defendants to "cover up" the truth that he did not assault inmate Stewart.  In support of this claim, plaintiff refers to Exhibit F attached to his declaration filed in support of the amended complaint.  (See

Dkt. No. 77, Exhibit F.)  This document is an administrative grievance filed by plaintiff alleging that defendant Mayfield intentionally prevented him from obtaining a copy of the 128-G form created at the August 30, 2000 hearing.  (Id.)  The 128-G form apparently set forth the reasons for retaining him in ad seg.  The first level response to plaintiff's grievance states that the 128-G form is attached to the response.  (Id.)  In his second level appeal of this response, plaintiff alleged that defendant Mayfield deprived him of his right to be immediately informed of the decision of the August 30, 2000 hearing committee.  (Id.)

As discussed above, plaintiff has no due process right to a written decision describing the reasons for placing the prisoner in administrative segregation.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  Accordingly, to the extent plaintiff seeks to allege a due process claim against defendant Mayfield based on her failure to timely provide him with a copy of the 128-G form, this claim is without merit.

Plaintiff also alleges that defendants conspired to violate his constitutional rights.  A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (internal citations omitted).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  Franklin, 312 F.3d at 441 (internal citations omitted).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002).  However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions,

11

1  and a formulaic recitation of the elements of a cause of action....” Id. at 544 (internal quotations
2  and citations omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to
3  'state a claim that is plausible on its face.'” Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937,
4  1949 (2009) (quoting Twombly, 550 U.S. at 555).
5           Plaintiff's conspiracy claims fail because he has demonstrated no violation of his
6  constitutional rights nor a meeting of the mind to violate those rights.  His conspiracy claims are
7  wholly vague and conclusory.  Accordingly, defendants should be granted summary judgment as
8  to plaintiff's conspiracy claims.
9           G.  Qualified Immunity
10          Finally, defendants argue that they are entitled to qualified immunity.  The
11 qualified immunity analysis involves two inquiries: whether the facts alleged or shown by the
12 plaintiff establish a constitutional violation and whether the right at issue was clearly established
13 at the time. Saucier v. Katz, 533 U.S. 194, 201 (2001).  Because plaintiff has not demonstrated a
14 constitutional violation of his rights, the undersigned need not further discuss qualified
15 immunity.
16          IT IS HEREBY RECOMMENDED that defendants' summary judgment motion
17 filed September 18, 2009 (Dkt. No. 173), be granted.
18          These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
20 one days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
23 objections shall be filed and served within fourteen days after service of the objections.  The
24 ////
25 ////
26 ////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 20, 2010

```
                                    /s/ Kendall J. Newman
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

yo2360.sj