IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

        Plaintiff,                    No. 2:01-cv-2360 LKK KJN P

    vs.

R. MANDEVILLE, et al.,

        Defendants.             ORDER

_____/

        Plaintiff has filed his second request for an extension of time to file objections to the May 21, 2010 findings and recommendations. In the request, plaintiff alleges that he is being denied access to his legal property by prison officials at Pelican Bay State Prison ("PBSP"). Plaintiff has limited access to his legal property because he is in administrative segregation ("ad seg"). Plaintiff apparently must request access to his legal property because he is not permitted to keep the property in his ad seg cell. One of the exhibits attached to this request suggests that plaintiff could not receive his legal property until Sergeant Everett returned from "worker's comp leave" on July 31, 2010.

        The undersigned is concerned that plaintiff is not being granted access to his legal property so that he may prepare his objections to the findings and recommendations. Whether plaintiff was granted access to his legal property following Sergeant Everett's return to work is

unclear.

No defendants in this matter are located at PBSP. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it will lose jurisdiction of this action if plaintiff is unable to prepare his objections due to his inability to access his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before August 17, 2010, the Warden of PBSP shall inform the court of the status of plaintiff's access to his legal property;

2. The Clerk of the Court is directed to serve this order on Warden of PBSP, Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA, 95532-7500.

DATED: August 5, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

youn2360.36.sec